UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ELIAR CHING CONCEPCION,

Petitioner,

v.

Case No. 2:26-cv-2212-KCD-NPM

WARDEN, GLADES COUNTY DETENTION CENTER, U.S. ATTORNEY GENERAL,

Respondents.

_______________________________/

# ORDER

Petitioner Eliar Ching Concepcion has filed a habeas corpus petition challenging his detention by U.S. Immigration & Customs Enforcement. (Doc. 1.) This is his fourth petition. The last case was denied after the Court found he had impeded removal efforts to Mexico. *See* 2:26-CV-2068-KCD-NPM.

Petitioner now says he "remains willing to cooperate with lawful removal instructions, to review and sign documents actually necessary for removal after their nature and purpose are identified or explained, and to depart without physical resistance if ICE has a lawful and executable removal arrangement." (Doc. 1 at ECF 11.) The Immigration and Nationality Act does not leave an individual without recourse if he objects to his designated destination. The statute provides a framework for contesting removal to a specific third country. *See* 8 U.S.C. § 1231(b). But nowhere in his

petition (or prior petitions) does Concepcion allege—let alone offer evidence to show—that he has formally challenged his proposed removal to Mexico. Instead, he apparently dug in his heels and refused to physically depart the United States. Because it appears Concepcion bypassed the proper legal channels to contest his destination, and the Government represents that he can be removed to Mexico, the Court accepts that he is legally subject to this third-country removal.

Respondents state that, without Concepcion's signature, they are unable to schedule his removal to a third country. (Doc. 6-1 ¶ 12.) Most recently, Concepcion has refused to sign documents until ICE gives him a concrete plan for his removal. (Doc. 1 at ECF 11.) ICE states that the contents of the third-country removal notice were read to Concepcion in Spanish, and that he was served a copy of the notice in person on July 7, 2026, but he refused to sign. (Doc. 6-1 ¶ 15.) Concepcion seemingly agrees that he has refused to sign the necessary travel documents.

Under 8 U.S.C. § 1231(a)(1)(C), the removal clock stops ticking if an alien refuses to cooperate in obtaining travel documents. It also tolls if the alien "conspires or acts to prevent [his] removal." *Id.* Common sense (and the Eleventh Circuit) tells us that a person cannot actively thwart his own deportation and then use the resulting delay to demand his freedom. Whether by stubbornly withholding a signature on a required form or by

affirmatively taking steps to sabotage the government's efforts, an alien who engineers his own prolonged detention cannot turn around and complain about it. The law does not reward that kind of gamesmanship. *See Quo Zing Song v. U.S. Atty. Gen.*, 516 F. App'x 894, 899 (11th Cir. 2013) ("The six-month period is tolled, however, if the alien acts to prevent his removal.").

That is precisely the game Concepcion is playing here. He claims his detention violates the Fifth Amendment, yet his refusal to cooperate with ICE is the very roadblock keeping him in custody, all while he makes no effort to formally challenge the proposed removal. If he signs the paperwork, his removal is reasonably foreseeable; if he does not, the delay is entirely of his own making. Because Concepcion is apparently responsible for stalling his own departure, the presumptively reasonable period for his detention is tolled.

Consequently, the habeas petition is **DENIED WITHOUT PREJUDICE** to Concepcion refiling a new petition should his current detention be unimpeded and he can demonstrate there is no significant likelihood of removal in the reasonably foreseeable future. The Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**ORDERED** in Fort Myers, Florida on July 30, 2026.

Kyle C. Dudek
United States District Judge